IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOODRICH CARGO SYSTEMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AERO UNION CORP.,<br><br>　　　　Defendant. _____/ | No. C 06-06226 CRB<br><br>**ORDER** |

Goodrich Cargo Systems ("Plaintiff") sued Aero Union Corporation ("Defendant") in connection with the acquisition of a business unit ("the APS Business") that manufactures, among other things, systems for loading cargo onto aircraft. Now pending before the Court is Defendant's motion to compel arbitration. For the reasons set forth below, that motion is hereby GRANTED in part and DENIED in part.

## BACKGROUND

On June 29, 2004, Plaintiff agreed to buy the APS Business from Defendant. To consummate this deal, the parties executed an Asset Purchase Agreement ("APA"). The APA is an umbrella contract that sets forth the structure of the entire transaction. Its primary purpose is to transfer all assets of the APS Business from Defendant to Plaintiff. Significantly, the APA contains no comprehensive arbitration clause. It does, however, provide that "[t]he Exhibits and Schedules hereto are an integral part of this Agreement and are incorporated by reference herein." APA ¶ 9.12. Similarly, it notes that "[e]ffective on

the Closing, Seller and Buyer will enter into a Manufacturing License Agreement . . . on the terms and conditions as further set forth in Schedule 7." APA ¶ 7.1.

Thus, as an attachment to the APA, the parties appended a Manufacturing License Agreement ("MLA"). The purpose of the MLA was to create a licensing arrangement such that Defendant would continue to operate a portion of the APS Business called the Cargo Transfer System. In other words, under the MLA, the parties agreed that Defendant would continue to manufacture, price, and sell Cargo Transfer Systems and would pay to Plaintiff a "royalty" of fifteen percent of revenue generated by such sales. The MLA contains a binding arbitration clause. See MLA ¶ 15.

In this lawsuit, Plaintiff asserts five causes of action. Three of these claims arise under the APA, one arises under the MLA, and one involves a claim for conversion that, at least on the face of the complaint, does not clearly arise under either agreement. Defendant filed a motion to compel arbitration, arguing that all of Plaintiff's claims arise out "one integrated business transaction." Defendant contends that the case therefore must be dismissed and the entire matter submitted to binding arbitration under the arbitration clause contained in the MLA.

## DISCUSSION

The Federal Arbitration Act provides that an agreement to submit commercial disputes to arbitration shall be "valid, irrevocable, and enforceable." 9 U.S.C. § 2. Congress's purpose in passing the Act was to put arbitration agreements "'upon the same footing as other contracts,'" thereby "reversing centuries of judicial hostility to arbitration agreements" and allowing the parties to avoid "'the costliness and delays of litigation.'" Scherk v. Alberto-Culver Co., 417 U.S. 506, 510-11 (1974) (quoting H. R. Rep. No. 96, 68th Cong., 1st Sess., 1, 2 (1924)). Thus, in applying the Act, courts have developed a "liberal federal policy favoring arbitration agreements," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co., 460 U.S. 1, 24-25 (1983), and doubts about the applicability of an arbitration clause are "resolved in favor of arbitration," United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960).

2

At the same time, however, "arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes--but only those disputes--that the parties have agreed to submit to arbitration." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995). Indeed, the Supreme Court has emphasized that "'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" AT&T Tech., Inc. v. Communications Workers of Am., 475 U.S. 643, 648 (1986) (quoting Warrior & Gulf, 363 U.S. at 582). Thus, a federal court must review the contract at issue to determine whether the parties have each agreed to submit a particular dispute to arbitration. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) ("The question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is an issue for judicial determination . . . ."); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 547 (1964) ("The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the . . . agreement does in fact create such a duty.").

Here, Defendant contends that the MLA requires arbitration of all claims set forth in Plaintiff's complaint. Defendant argues that the APA and the MLA were executed together as part of an integrated business transaction and that the MLA's binding arbitration clause therefore encompasses any disputes related to that business transaction. See, e.g., Pers. Sec. & Safety Sys., Inc. v. Motorola, Inc., 297 F.3d 388, 393 (5th Cir. 2002).

This Court disagrees. Just because the parties enacted multiple agreements in connection with the acquisition of the APS Business does not mean that this Court may ignore the fact that there are discrete agreements pertaining to different facets of the transaction. Here, the parties executed two distinct agreements. The first agreement, the APA, governs Plaintiff's acquisition of certain assets owned by Defendant. The second agreement, the MLA, governs a smaller aspect of the transaction--namely, a licensing arrangement whereby Defendant agreed to continue operating a portion of the business unit it sold. Only the latter agreement contains an arbitration clause, and it follows that the arbitration clause only applies to disputes as to those aspects of the transaction that are

3

1  actually covered by the latter agreement.  See Int'l Ambassador Programs v. Archexpo, 68
2  F.3d 337 (9th Cir. 1995) (holding that an arbitration award did not preempt or preclude a
3  judgment obtained in another lawsuit between the same parties and involving the same
4  business relationship where "the Moscow arbitration and the Ambassador litigation [were]
5  two distinct disputes arising under two separate agreements, one providing for arbitration and
6  one not"); Rosenblum v. Tevelbyus.com Ltd., 299 F.3d 657 (7th Cir. 2002) (holding that a
7  purchase agreement and an employment contract enacted simultaneously by the parties
8  pertained to different subject matter, and that the compulsory arbitration clause contained in
9  the latter did not require the court to dismiss claims arising under the former).

      This conclusion is dictated by the manner in which the parties themselves structured the transaction.  Here, Plaintiff and Defendant executed an umbrella contract that incorporated as "schedules" or "attachments" several other discrete agreements.  If the parties, who are not unsophisticated legal actors, had wanted to arbitrate any dispute arising out of their integrated economic transaction, they should have placed an arbitration clause in the umbrella agreement.  The only logical inference to draw from the fact that the arbitration clause appears only in one of the attachments to the APA is that the parties intended the arbitration clause to apply to part of the transaction, and not to all of it.  To hold otherwise would not only permit the tail to wag the dog, it would effectively mean that an arbitration clause included anywhere in a transaction must apply everywhere.  The Court declines to interpret the MLA's arbitration clause in such an all-consuming fashion, notwithstanding Defendant's observation that the two agreements refer to one another and that the APA explicitly incorporates the terms of the MLA.  That the whole constitutes the sum of its interrelated parts it obvious, but that does not mean a particular provision contained in and confined to one part is applicable to the whole.

      Furthermore, the plain language of the arbitration clause requires that this Court confine it to the context of the MLA.  The clause states that the parties must submit to arbitration "all disputes, claims and controversies that arise under or relate in any way to *this Agreement*."  MLA ¶ 15 (emphasis added).  The term "this Agreement" is unambiguously

4

1 defined as the MLA itself, and not any other part of the larger business transaction between
2 Plaintiff and Defendant. See MLA pmbl. Thus, consistent with the most plausible view of
3 the language and structure of the parties' agreement, the Court concludes that only disputes
4 arising under the MLA must be submitted to arbitration.[1]

Defendant observes that requiring arbitration of only a portion of Plaintiff's claims "would result in significant waste of judicial resources, unnecessary expense, and the specter of inconsistent adjudication of common questions of law and fact." To be sure, it does. Conducting multiple proceedings in different tribunals about similar subject matter will indeed produce spectacular inefficiency. Nonetheless, this Court is not entitled to rewrite a contract merely because it commands an inefficient result. A federal court may not compel a party to submit to arbitration unless the party has consented to it, and here, Plaintiff has not consented to arbitrate all disputes arising under the APA. Of course, if Defendant's chief concern is the efficiency of dispute resolution, it remains free to repudiate the arbitration clause it now seeks to enforce and submit the entire controversy to this Court's jurisdiction.

## CONCLUSION

The Court holds that the arbitration clause contained in the MLA applies only to disputes arising under that particular agreement. Therefore, as to Count I, Count II, and Count III, which all arise out of provisions in the APA, Defendant's motion to compel arbitration is DENIED. As to Count IV, which arises under the MLA, Defendant's motion to compel arbitration is GRANTED. As to Count V, which involves the alleged conversion of a payment made to Defendant rather than to Plaintiff, the motion to compel arbitration is DENIED. If, however, it ultimately appears that the converted payment relates to the post-

---

[1] Plaintiff has argued that the MLA's arbitration clause is inconsistent with the APA. The Court finds that argument unpersuasive. There is nothing inconsistent in the APA with the application of an arbitration clause, even one that prohibits an award of attorneys' fees, as the clause in the MLA does. A clause requiring arbitration and prohibiting an award of attorney's fees *in disputes between Plaintiff and Defendant* would be perfectly consistent with, for example, the APA's indeminification clause, which requires Defendant to pay attorneys' fees that Plaintiff might incur *in suits brought by third parties*. In short, the Court finds nothing in the APA that is inconsistent, as a matter of logic, with the MLA's arbitration clause. The problem is not that the APA is incompatible with an arbitration clause, but rather that it just does not contain one.

5

MLA sale of a Cargo Transfer System, and therefore falls within the scope of the MLA, <u>see</u> MLA ¶ 7, Defendant may renew its motion to compel arbitration as to Count V.

In sum, Defendant's motion to compel arbitration is GRANTED as to Count IV and DENIED as to Counts I, II, III, and V.  The parties shall appear before the Court for a status conference at 8:30 a.m. on Friday, January 5, 2007.

**IT IS SO ORDERED.**

Dated:  December 14, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\6226\order re motion to compel arbitration.wpd          6